ROBERT PREVITO, ESQ. (RP6514)
235 Brooksite Drive
Hauppauge, New York 11788
631-265-4494  f: 631-265-4382  *RPrevito@hotmail.com*
Attorneys for Defendant Geometix International, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
TOY PLAY, LLC,                                  :
                                                                                         :

HON. WILLIAM PAULEY III

Civil Action No. 07 CV 11226

                          Plaintiff,          :

- against -                                     :    **ANSWER and COUNTERCLAIMS**

GEOMETIX INTERNATIONAL, LLC,    :

                          Defendant.          :
---------------------------------------------------------------x

      Defendant, GEOMETIX INTERNATIONAL, LLC., (hereinafter "GEOMETIX") by its attorney, Robert Previto, Esq., hereby Answers plaintiff's Complaint and asserts Affirmative Defenses and Counterclaims as follows:

ANSWER TO "PARTIES, JURISDICTION and VENUE"

      1.     Defendant admits the allegation in Paragraph 1 of the Complaint.

      2.     Defendant admits the allegation in Paragraph 2 of the Complaint.

      3.     Defendant denies the allegation in Paragraph 3 of the Complaint.

      4.     Defendant denies the allegation in Paragraph 4 of the Complaint, since the parties agreed that "all disputes" arising from their Agreement would be submitted to Arbitration in New York, which presumptively includes any Declaratory Judgment Action to void or deem the Agreement of no legal effect.  (See Exhibit A, Article 10.3.)

      5.     Defendant admits the allegation in Paragraph 5 of the Complaint but denies that

venue is proper since the parties agreed that all disputes would be submitted to Arbitration in New York, which presumptively includes any Declaratory Judgment Action to void or deem the Agreement of no legal effect. (See Exhibit A, Article 10.3.)

### ANSWER TO "THE CIRCUMSTANCES GIVING RISE TO THIS ACTION"

6. Defendant admits the allegation in Paragraph 6 of the Complaint.

7. Defendant admits the allegation in Paragraph 7 of the Complaint but notes that the "intellectual property" referred to by Defendant specifically consisted of U.S. Trademark Registration No. 78/307,752 for "MagneBlocks" and Patent Pending No. 10/678,764 for a "System of Educational Magnetic Blocks" and "... all trademarks, tradenames, trade secrets, trade dress and copyrights owned by the Licensor which are associated in any way with the Patent," moreover, that the Agreement included, *inter alia,* the granting of manufacturing rights of the said intellectual property to the Plaintiff from Defendant, as well as the right and duty to sell, distribute and purchase said intellectual property as actual products, e.g. MagneBlocks toys, (hereinafter "MagneBlocks").

8. Defendant admits the allegation in Paragraph 8 of the Complaint.

9. Defendant denies the allegation in Paragraph 9 of the Complaint.

10. Defendant admits the allegation in Paragraph 10 of the Complaint.

11. Defendant denies the allegation in Paragraph 11 of the Complaint.

12. Defendant denies the allegation in Paragraph 12 of the Complaint.

13. Defendant denies the allegation in Paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the allegation in Paragraph 14 of the Complaint averring that "between approximately May 2004 and November 8, 2007, there were no communications between Toy Play, LLC and Geometix"; but

Defendant admits that the attorney for Defendant sent the letter of November 8, 2007 to Toy Play, LLC which is annexed to the Complaint as Exhibit C; however Defendant denies the allegation made by the Plaintiff that the said letter or said attorney ever described the Contract of April 5, 2004, whether in letter or conversation, as a "Proposed Agreement" or one that "had never taken effect."

15. Defendant admits the allegation in Paragraph 15 of the Complaint insofar as Toy Play LLC requested, and Defendant's counsel forwarded, a copy of the Contract to Plaintiff on or about November 21, 2007; however, Defendant denies knowledge or information sufficient to form a belief
that Plaintiff "had no copy of any contract signed by Geometix in its files"; and Defendant denies that the Contract which Defendant's counsel forwarded to Plaintiff contained a ". . . *purported* signature from Fentress . . ."; (italics added) and denies that "this was the first time Toy Play ever saw a copy" of the Contract ". . . signed by Geometix."

16. Defendant denies the allegation in Paragraph 16 of the Complaint.

17. Defendant admits the allegation in Paragraph 17 of the Complaint.

18. Defendant admits the allegation in Paragraph 18 insofar as Defendant has the right to invoke an arbitration clause under the Contract of April 5, 2004 executed between the parties; but Defendant denies that the Contract ". . .was never of any legal effect and that the parties never recognized [it] as such." Defendant lacks knowledge and information sufficient to form a belief as to any "reasonable apprehension" that Plaintiff ". . . will face imminent legal action from Geometix [etc.] . . . ", but Defendant denies that the Contract ". . . never became legally binding or effective," and admits that ". . . there is at present an actual controversy between the parties."

ANSWER TO "COUNT I, DECLARATORY JUDGMENT"

19. Geometix repeats, reiterates and realleges its Answers to Paragraphs 1 through 18 hereinabove as if fully set forth herein.

20. Defendant admits the allegation in Paragraph 20 but reserves its right to modify the projection of damages at "$20 million" upward or downward in value as more accurate actuarial and analysis and information are applied to lost sales and lost potential sales and royalties, or comes to light throughout the course of this litigation and/or any subsequent arbitration.

21. Defendant denies the allegation in Paragraph 21 of the Complaint.

22. Defendant denies the allegation in Paragraph 22 of the Complaint, and asserts that the Contract of April 5, 2004 executed between the parties constitutes a legally binding agreement and a written memorialization of the two parties meeting of minds; and consequently Toy Play, LLC is obligated to arbitrate all of Geometix's claims, (pled with hereinunder in the Counterclaims); and Geometix has *bona fide* claims for breach of contract.

AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. Defendant repeats, reiterates, and realleges the foregoing as if fully set forth herein.

24. Plaintiff's action for a Declaratory Judgment must be dismissed since Plaintiff fails to state a cause of action against the Defendant upon which relief may be granted.

25. Plaintiff has submitted a written Contract duly executed by Plaintiff and Defendant, identified as a License Agreement, as Exhibit A of its Complaint, which Defendant also annexes hereto as its own Exhibit A.  (See Exhibit A.)

26. The said Contract resulted from several months of negotiations made by and between

the Plaintiff and Defendant, both of which were independently represented by sophisticated advisers, and the License Agreement constitutes *prima facie* evidence that a binding Contract exists.

27. The said Contract is not only evidenced by the License Agreement itself, but by written e-mail communications made by and between the parties both before *and* after the execution of the License Agreement on April 5, 2004. (See Exhibit B)

28. Plaintiff has made no allegations, and submitted no evidence, tending to prove that the said Contract *in toto* was mutually rescinded, repudiated, voided, or void *ab initio,* but merely claimed that a collateral term of the contract regarding insurance coverage, which was raised and renegotiated *after* the Contract's execution, somehow operates to nullify the entire Contract.

29. Further to Articles 10.4 and 10.5(b) of said Licensing Agreement, entitled No Waiver of Rights and Complete Agreement; No Oral Modification; Severability; Surviving Provision; a waiver or modification of one term of the Licensing Agreement, including the said insurance coverage term, will not affect " . . . the validity of the remaining provisions . . . " (See Exhibit A.) Thus, any dispute over the insurance coverage terms, even if valid, which it is not, is severable.

30. Plaintiff also erroneously claims that Defendant did not sign the License Agreement on April 5, 2004, and that Plaintiff and Defendant had no subsequent communications and resolution regarding the insurance clause of the Contract, which are both untrue. (See Exhibit B.)

31 Plaintiff has therefore pled and brought its Complaint in bad faith, and without sufficient particularity, to allege that the Contract is of no legal effect, and thereby failed to state a cause of action against Defendant upon which relief may be granted.

32. Wherefore, Plaintiff's Declaratory Judgement action must be dismissed.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. Defendant repeats, reiterates, and realleges the foregoing as if fully set forth herein.

34. Plaintiff's action for a Declaratory Judgement must be dismissed since Plaintiff is barred from bringing this action by the doctrine of waiver and estoppel.

35. Pursuant to Article 10.3 of the said Licensing Agreement, the Plaintiff and Defendant agreed that: "*Any and all* disputes, controversies and claims arising out of *or relating to this agreement* . . . .shall be settled by *arbitration* in New York . . . ." (Italics added. See Exhibit A.)

36. Plaintiff has acknowledged that it executed the Agreement by and through its President and CEO, Stephen Betesh, yet has provided no evidence of rescission or voidness.

37. The Plaintiff is thereby barred from bringing this action to prove or disprove the contract in any forum other than arbitration in New York, including this United States District Court of the Southern District.

38. Wherefore, Plaintiff's Declaratory Judgment action must be dismissed, since the only proper forum for this dispute is arbitration in New York.

AS AND FOR A

FIRST COUNTERCLAIM

39. Defendant repeats, reiterates, and realleges the foregoing as if fully set forth herein.

40. Defendant and Plaintiff negotiated, over the course of several months in 2004, a License Agreement which constitutes a valid Contract between the parties. (See Exhibit A.)

41. Under the basic terms of the Contract, Defendant Geometix granted Plaintiff Toy Play the right to manufacture, distribute, sell, advertise and promote toys designed and trademarked by Geometix, (e.g. "MagneBlocks") for the purpose of wholesale and retail sale to the public.

42. In consideration of its right to manufacture, distribute, sell, advertise, and promote MagneBlocks, Plaintiff agreed, *inter alia,* to pay Defendant an advance payment of One Hundred Five Thousand ($105,000.00) Dollars, under Section 4.2 of the License Agreement. (See Exhibit A).

43. Plaintiff never paid Defendant any part of the One Hundred Five Thousand ($105,000.00) Dollars advance payment due under the Contract.

44. Plaintiff's failure to pay the said advance payment to Defendant constituted a breach of its Contract with Defendant and caused damages to the Defendant in the amount of $105,000.00.

45. Wherefore, Defendant demands reimbursement from Plaintiff for its losses on the First Counterclaim for Breach of Contract in the amount of $105,000.00 Dollars.

## AS AND FOR A

## SECOND COUNTERCLAIM

46. Defendant repeats, reiterates, and realleges the foregoing as if fully set forth herein.

47. In further consideration , Plaintiff agreed, *inter alia,* to purchase from Defendant's former manufacturer of MagneBlocks, (a company called Double Grand,) one million existing SKU's of MagneBlocks, within twenty-four months of the signing of the said Contract.

48. The price of each unit of MagneBlocks which Plaintiff agreed to purchase from Double Grand was to be determined between the Plaintiff, Defendant and Double Grand as per certain terms in the Contract under Article 2.4 . (See Exhibit A.)

49. Plaintiff never purchased any units of MagneBlocks from Double Grand, and never bothered determining, researching, or discussing the price for the purchase.

50. Plaintiff 's failure to purchase the one million SKU's of MagneBlocks, and failure to determine, research or set a price for the one million SKU"s, constituted a breach of its Contract

with Defendant and caused damages to Defendant in an estimated amount of Three Million ($3,000,000.00) Dollars.

51. Wherefore, Defendant demands reimbursement from Plaintiff for its losses on the Second Counterclaim for Breach of Contract in the amount of $3,000,000.00 dollars.

AS AND FOR A

THIRD COUNTERCLAIM

52. Defendant repeats, reiterates, and realleges the foregoing as if fully set forth herein.

53. In further consideration, Plaintiff agreed, *inter alia,* to manufacture, market, distribute and sell MagneBlocks and the License Agreement sets forth specific minimum sales target goals in the many millions of dollars, connected to projected income and tied to the renewal terms of the contract.. (See Article 3, Exhibit A.)

54. Moreover, Defendant was to receive, as its further consideration, royalties equal to 10% percent of the net Sales of MagneBlocks from Plaintiff within thirty days of the end of each Quarterly Period, under Article 4.1 of the License Agreement, for each product sold.

55. Plaintiff never took any steps whatsoever to manufacture, market, distribute or sell MagneBlocks, and never paid any royalties to the Defendant.

56. As a result of Plaintiff's failure to manufacture, market, distribute or sell Magneblocks, or pay any royalties to the Defendant, Plaintiff breached its contract with Defendant, and Defendant was damaged in lost royalties of 10% on the projected amount of sales of Nine Million ($9,000,000.00) Dollars, e.g., an actual sum Nine Hundred Thousand ($900,000.00) Dollars.

57. Wherefore, Defendant demands reimbursement from Plaintiff for its losses on the Third Counterclaim for Breach of Contract in the amount of $900,000.00 Dollars.

AS AND FOR A

FOURTH COUNTERCLAIM

58. Defendant repeats, reiterates, and realleges the foregoing as if fully set forth herein.

59. In further consideration, Plaintiff agreed, *inter alia,* under Article 7.2 of the said License Agreement, that if it terminated its Contract with Defendant and the cumulative earned Royalty as of December 31, 2006 was less than Five Hundred Thousand ($500,000.00) Dollars, Plaintiff would pay Defendant the difference between $500,000.00, and the aggregate Earned Royalty paid or earned by Defendant during the period ending December 31, 2006.  (See Exhibit A).

60. Plaintiff never paid any Earned Royalty to the Defendant.

61. However, by refusing Defendant's demands that Plaintiff perform on its duties under the Contract; moreover, by instituting this action, Plaintiff has, *ipso facto*, terminated the Contract, and owes Defendant $500,000.00 under Article 7.2 of the License Agreement, as the difference between that amount and the zed that Plaintiff has actually paid to Defendant in Earned Royalty.

62. The failure of Plaintiff to pay Defendant the said $500,000.00 constitutes Breach of Contract, and has damaged Defendant in the amount of $500,000.00.

63. Wherefore, Defendant demands reimbursement from Plaintiff for its losses on the Fourth Counterclaim for Breach of Contract in the amount of $500,000.00 Dollars.

AS AND FOR A

FIFTH COUNTERCLAIM

64. Defendant repeats, reiterates, and realleges the foregoing as if fully set forth herein.

65. In further consideration, Plaintiff agreed, *inter alia,* under Article 10.3 of the said

License Agreement, that any disputes arising under the Contract would be resolved by arbitration.

66. The filing of this Declaratory Judgment action in United States District Court for the Southern District thereby constitutes a breach of the arbitration clause of the said Contract, since any dispute, including any dispute over the validity of the License Agreement contract, should have been filed in arbitration in New York.

67. Defendant estimates that it will cost Fifteen Thousand ($15,000.00) Dollars in legal fees to defend against this Declaratory Judgment action, which would be otherwise necessary, and which would not need to be spent, had Plaintiff brought this dispute in the proper, and far more economical forum, of arbitration in New York.

68. The failure of Plaintiff to bring this action in arbitration, and Plaintiff's act of filing this Declaratory Judgment action in U.S. District Court, constitutes breach of contract, and has damaged, or will damage, Defendant in the amount of Fifteen Thousand ($15,000.00) Dollars.

69. Wherefore, Defendant demands reimbursement from Plaintiff for its losses on the Fifth Counterclaim for Breach of Contract in the amount of $15,000.00 Dollars.

AS AND FOR A

SIXTH COUNTERCLAIM

70. Defendant repeats, reiterates, and realleges the foregoing as if fully set forth herein.

71. In further consideration, Plaintiff agreed, *inter alia,* under Article 10.3 of the said License Agreement, that any disputes arising under the Contract would be resolved by arbitration.

72. As stated in the Fifth Counterclaim, the filing of this Declaratory Judgment action in United States District Court for the Southern District thereby constitutes a breach of the arbitration clause of the said Contract, since any dispute, including any dispute over the validity of

the License Agreement contract, should have been filed in arbitration in New York.

73.     Defendant is therefore entitled to the equitable relief of a Declaratory Judgment from this Court dismissing Plaintiff's Declaratory Judgment action in its entirety; and issuing an Order in Defendant's favor validating the said License Agreement as an enforceable Contract, and confirming that Defendant's has the right to proceed immediately to arbitration against the Plaintiff for the sole purposes of adjudicating the said claims brought by Defendant against the Plaintiff and assessing said Defendant's damages.

74.     Wherefore, Defendant respectfully requests that this Court issue a Declaratory Judgement dismissing Plaintiff's action; validating the License Agreement of April 5, 2004 as an enforceable Contract; and confirming Defendant's right to proceed immediately to arbitration against Plaintiff to adjudicate Defendants claims against Plaintiff and assess Defendant's monetary damages.

WHEREFORE, Defendant Geometix International LLC respectfully demands Judgment dismissing Plaintiff Toy Play, LLC's Declaratory Judgment Action in its entirety, and validating the License Agreement of April 5, 2004 as an enforceable legal Contract made by and between the said parties thereto; and for a money Judgement in the amount of $105,000.00 on the First Counterclaim; $3,000,000.00 on the Second Counterclaim; $900,000.00 on the Third Counterclaim; $500,000.00 on the Fourth Counterclaim; $15,000.00 on the Fifth Counterclaim, for a total Judgment in the amount of Four Million, Five Hundred and Twenty Thousand ($4,520,000.00) Dollars, or, in the alternative, issuance of Declaratory Judgment on the Sixth Counterclaim deeming the License Agreement of April 5, 2004 between the parties a valid and enforceable contract, and confirming Defendant's right to proceed immediately to arbitration against Plaintiff to adjudicate Defendants

said claims against Plaintiff and assess Defendant's monetary damages; and for such other and further relief which as to this Court may seem just and proper.


January 17, 2008					Respectfully Submitted,

						/S/_____
						ROBERT PREVITO, ESQ. (RP6514)
						Attorney for Defendant Geometix International, LLC
						235 Brooksite Drive
						Hauppauge, New York 11788
						631-265-4494  f: 631-265-4382  *Rprevito@hotmail.com*


TO:	BRUCE EWING, ESQ.
	DORSEY & WHITNEY, LLP
	Attorneys for Toy Play, LLC.
	250 Park Avenue
	New York, New York 10177
	(212) 415-9200